## Hook *vs.* Hook.

### APPEAL FROM BRACKEN CIRCUIT.

Judge SIMPSON delivered the opinion of the court.

1. If one convey property to take effect at his death, it is a good advancement. (2 *Pr. Williams*, 445, 442; *Williams on Ex'ors.* 921; 9 *Dana*, 86.)

2. The statute of 1830 required advancements to be estimated at their value when made. The Revised Statutes, page 282, contains, in substance, the same provision. Where there is an advancement by deed of gift to take effect in future, it should be estimated according to its value when complete by enjoyment.

3. A father by deed of gift makes advancements of part of his estate to a portion of his children, making no disposition of the remainder; the law makes the disposition of such remainder; and

by placing a value upon an advancement, the donee is estopped, so far as he claims under the will to controvert the value so placed upon it by the donor.

Case stated.

John Hook had seven living children, and also some grandchildren, the children of his deceased son, James Hook. In 1839 he executed a deed of gift to his seven living children, and therein conveyed to them all his land and slaves, reserving to himself a life estate in the property. He stated at the time he executed the deed of gift, that he did not include his grandchildren in it, because he had paid a good many debts for their father, and had supported his widow and children for fourteen or fifteen years, and what he was then giving to his other children would not make them equal with what he had done for his son James and his children. He died in 1850, intestate, owning at the time of his death a considerable amount of personal estate.

This suit in chancery was instituted by the children of James Hook, after their grandfather's death, against his administrators and the other heirs and distributees, for the recovery of their portion of the estate. They contend that the property embraced in the deed of gift was an advancement to the donees, deny that they themselves had received any thing by way of advancement, and claim so much of the estate in the hands of the administrators, as may be required to equalize them with the other heirs, and an equal share of the residue.

The defendants contend that the property contained in the deed of gift was not an advancement, and insist that they are not bound to account for it. They also contend that the complainants and their father received, by way of advancement, as much as each one of the donees received under the deed of gift, and rely on the declarations to that effect, made by the intestate, at the time he executed the deed, as conclusive evidence of that fact.

The court below considered the property in the deed of gift as an advancement to the donees, to take ef-

Hook
*vs.*
Hoott.

fect at the death of the donor, and estimated its value at that time; and being of the opinion that James Hook and his children had not received any thing from the intestate by way of advancement, rendered a decree for the complainants, based upon these premises, for an equal share of the whole estate, to be paid to them by the administrators, out of the estate in their hands. From this decree the other heirs have appealed.

1. If one convey property to take effect at his death, it is a good advancement. (2 *Pr. Williams*, 445, 442; *Williams on Ex'ors*. 921; 9 *Dana*, 86.)

It is not requisite to constitute an advancement, that the provision should take effect in the father's lifetime. If by deed he give property to one of his children, to be possessed and enjoyed after his death, and not before, it is an advancement. (2 *P. Williams*, 445, 442; *Williams on Exec.*, 921; 9 *Dana*, 86.) The consideration set forth in this deed of gift is love and affection, and it was made for the avowed purpose of advancing the donees, so that there can be no doubt that the provision it made was an advancement to them.

It is contended, however, that as the deed was executed in 1839, the property should be valued at that time, subject to the life estate, and that it was improper to value the property at the time of the donor's death, and make the donees account for it at that valuation.

2. The statute of 1830 required advancements to be estimated at their value when made.— The Revised Statutes, page 282, contain, in substance, the same provision. Where there is an advancement by deed of gift to take effect in future, it should be estimated according to its

The act of 1830 required all advancements to be estimated at their value when made. The Revised Statutes contain substantially the same provisions, (p. 282.) The question is, at what time shall an advancement secured by deed, but to be enjoyed at a future period, be deemed to have been made or given? It should, in our opinion, be at the time the advancement is made complete by the actual possession and enjoyment of it. If the property be perishable, as a portion of it, being slaves, was in the present case, and it should be destroyed or perish before the gift was made complete, it would not be right or just to charge the donee, who had never received it, with it as an advancement. If the property should depre-

ciate in value after the deed was executed by which it was secured to him, before the period arrived that he was to enjoy it in possession, it would not be equitable to estimate it at a value exceeding that which it had when he received it. It seems to us, therefore, that when an advancement is received by some of the children at the death of their father, the value of the property at the time they receive it is that which, in justice and equity, they should be chargeable with, in making a distribution of the estate.

It is also contended that the statements made by the intestate, that his son James and his children had been advanced equal to the advancement he made to his other children by the deed of gift, and that he intended James' children to have no more than an equal share of the balance of his estate, create an estoppal, and preclude them from having the property in the deed of gift brought into hotchpot.

If the intestate intended to divest his grand-children of their right to have an equal share of his estate, he had the power to effect that object, but he could not do it by mere verbal declarations of his intentions, nor by statements as to the amount of the advancements he had made to them and their father. The law regards the provision made by the deed of gift as an advancement, and as the intestate made no other valid disposition of any part of his estate, the residue of it remains subject to that disposition which the law makes of it. A testator may, by a statement in his will of the amount advanced to a devisee, estop him from controverting the fact so far as he asserts any claim under the will, because, in such a case, the statements of the testator upon the subject are considered as indicating an intention that the devisee shall only have a certain portion of his estate, to be ascertained by deducting a specified sum fixed by himself, and whether that sum had been actually advanced or not is wholly immaterial. But here there was no will, nor any act done by which the complainants were precluded from controverting the

*Margin notes:*

Hoox *vs.* Hoox.

value when complete by enjoyment.

3. A father by deed of gift makes advancements of part of his estate to a portion of his children, making no disposition of the remainder; the law makes the disposition of such remainder; and by placing a value upon an advancement, the donee is estopped, so far as he claims under the will to controvert the value so placed upon it by the donor.

statements made by the intestate, and showing the real extent of the advancements which had been made to them and their father.

The declarations made by the intestate were evidence upon this subject, but not conclusive. The testimony demonstrates, clearly and beyond doubt or controversy, that the advancements made to the complainants, or their father, were of but small amount, bearing no comparison to that which was made to the other children by the deed of gift, and scarcely worthy of being taken into the estimate from which they were excluded by the court below.

We think, although of but little value, they should have been taken into the estimate. But it appears that the property embraced by the deed of gift was valued at less than, in our opinion, it should have been, according to the testimony. Its additional value is about equal on the share of each of the donees to the advancements with which the complainants should have been charged, so that the decree is about right when the errors on both sides are corrected.

Wherefore the decree is affirmed.

*Hord,* for appellant; *Harlan* and *Payne,* for appellees.