## Finn, et al. v. Eminent Household of Columbia Woodmen.

(Decided February 26, 1915.)

### Appeal from Graves Circuit Court.

1. Insurance—Beneficiaries—When Contract Construed as Will.—It is a general rule that when a beneficiary named in a life insurance policy dies before the death of the insured, and the insured fails to name a new beneficiary, and the contract of insurance provides for no other disposition of the fund upon the death of the

insured, it will be construed as a will and the proceeds of the policy will go to the next of kin or heirs-at-law of the beneficiary.

2. Insurance—Fraternal Insurance—A fraternal benefit society, engaged in the life insurance business on the assessment or co-operative plan and through the lodge system, belongs to that class of insurance companies which, by the Act of 1906 (Ky. Statutes, Section 664), is entitled to read the application into the contract of insurance, although the application be not attached to the policy.

3. Insurance—Fraternal Insurance—Policy.—Where insurance is taken in a fraternal benefit society, the policy, the constitution and by-laws, and the application constitute the contract, fix the rights of the parties, and control the disposition of the fund.

4. Insurance—Beneficiaries—Fraternal Insurance.—Where a father insured his life in a fraternal benefit society for the benefit of his daughter, who pre-deceased her father, and no new beneficiary was substituted in the place of the daughter, the proceeds of the policy went to the next of kin and heirs-at-law of the insured instead of to the heirs and legal representatives of the deceased daughter, under a provision of the application that if the beneficiary should die before the insured, the benefits accruing should go to the insured's nearest surviving relative, in the order named in the constitution and by-laws of the fraternity, and no order of inheritance was named by the fraternity.

MOORMAN & WARREN for appellants.

HOLIFIELD & GARDNER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Affirming.

The appellee, The Eminent Household of Columbia Woodmen, is a fraternal benefit society, engaged in the life insurance business on the assessment or co-operative plan, and through the lodge system.

On July 5, 1909, it issued and delivered to Seth P. Whitt a policy of insurance called a "Beneficiary Covenant," whereby it agreed and promised, upon said Whitt's death, to pay $1,000.00 to his daughter, Frances Finn, therein designated as the beneficiary.

Frances Finn died in 1911, leaving as her only heirs-at-law, four children, S. P. Finn, Ella Finn, Della Finn and Nellie Finn Reed, who were the plaintiffs below, and are the appellants here.

No new beneficiary was substituted in the place of Frances Finn; and, on April 3, 1913, Seth P. Whitt, the insured, died.

Henry Whitt qualified as the administrator of his father, Seth P. Whitt, and the appellee company paid to him, as administrator, the $1,000.00 called for by the covenant. The administrator used the money in the payment of debts, expenses of administration, and other charges against the estate of the decedent, except the sum of $200.00, which he distributed among the heirs of Seth P. Whitt. The appellants as the children and heirs-at-law of Frances Finn received $56.00 as their share of the surplus.

Subsequently, the appellant, who, as above stated, were the four children of Frances Finn, brought this action, by their guardian, against the insurance company, to recover the full amount of $1,000.00 called for by the covenant, claiming that they stood in the place of their mother, who was named as the sole beneficiary in the covenant.

The only question, therefore, involved in this appeal, is whether the proceeds of the covenant should be paid to the heirs and legal representatives of Frances Finn, the beneficiary named in the covenant, or to the next of kin or heirs-at-law of Seth P. Whitt, the insured.

It may be stated as a general rule in Kentucky, that when a beneficiary named in a life insurance policy dies before the death of the insured, and the insured fails to name a new beneficiary, and the contract of insurance provides for no other disposition of the fund upon the death of the insured, it will be construed as a will and the proceeds of the policy will go to the next of kin or heirs-at-law of the beneficiary. Supreme Council Catholic Knights of America v. Densford, 21 Ky. L. R., 1574, 55 S. W., 172, 49 L. R. A., 776; Hall v. Ayer's Guardian, 32 Ky. L. R., 291, 109 S. W., 911; Neal's Admr. v. Sherley's Admr., 137 Ky., 818; Buckler v. Supreme Council Catholic Knights of America, 143 Ky., 618.

It is contended, however, by the appellee, that the rule above announced is not applicable under the provisions of the covenant of insurance in this case. It is conceded by the appellant that the appellee company belongs to that class of insurance companies which, by the Act of 1906 (Ky. Sts., Sec. 664), is entitled to read the application into the contract of insurance although the application be not attached to the policy.

In its answer the company relied upon the provisions of its constitution and by-laws, the policy, as well as the

application made by Seth P. Whitt for insurance, as constituting the contract of insurance which, it claimed, took the case out of the operation of the general rule above announced.

The provisions are three in number, and are as follows:

Article 2 of the Constitution defining the purpose of the fraternity, recites that it was organized, in part, "for the purpose of providing a fund for the relief, assistance, comfort, education and welfare of the bereaved families of Guests or others dependent upon them."

Section 1 of Article 7 of the Constitution, relating to the form of the beneficiary covenant, sets forth the form of the policies to be issued by the society, which, among other provisions, contains the following:

"This covenant is executed in consideration of the warranties made in the application of this Guest, and of compliance on the part of this Guest with the Constitution and By-Laws of this Fraternity, now existing or as hereafter legally amended, all of which and the application of this Guest are a part of this covenant."

The beneficiary covenant in this case is in the prescribed form, and contains the clause last above quoted.

Seth P. Whitt's written application for the policy sued on contained this clause: "If Beneficiary ........................ ................................ should not survive me, benefits accruing shall go to my nearest surviving relative in the order named in the Constitution and By-Laws of the Fraternity."

The Constitution and By-Laws name no order in which the surviving relatives of the insured should take. The clauses above given are the only provisions of the Constitution and By-Laws, beneficiary covenant or application, which bear upon the question.

These provisions fix the rights of the parties, and control the disposition of the fund. Buckler v. Supreme Council Catholic Knights of America, 143 Ky., 620.

The circuit judge, sitting as a jury, held, that since Frances Finn, the beneficiary, pre-deceased Seth P. Whitt, the insured, and he failed to name a new beneficiary, the proceeds of the policy should be paid to the nearest surviving relatives of Seth P. Whitt, the insured.

Under this ruling, appellants were given a judgment against the appellee for $194.00, said sum being one-fourth of the proceeds of the policy, less $56.00 which

had theretofore been paid them by Seth P. Whitt's administrator.

From that judgment the children of Frances Finn prosecute this appeal.

The argument in support of the judgment of the chancellor is, that under the express provision of the constitution and by-laws, which was repeated in the policy as well as the application, the constitution, by-laws, covenant and application constituted the contract of insurance; that the constitution provides that the purpose of the policy was to provide a fund for the relief of the bereaved families of Guests or members of the society; and that Frances Finn, the beneficiary, having pre-deceased Seth P. Whitt, the insured, the benefits of the policy went to his nearest surviving relatives, under the clause in the application above quoted.

On the other hand, it is insisted by the appellants that there is nothing in the constitution or by-laws of the appellee, or in the application for the policy, that provides for a disposition of the fund to any particular person, and that since the society failed to name the order in which the nearest relative should take the fund, it descends to the next of kin or heirs-at-law of Frances Finn, the beneficiary, under the rule announced in the cases heretofore cited.

This construction, however, overlooks Article 2 of the constitution, above quoted, which states the purpose of the fraternity to be the providing a fund for the relief of the bereaved families of the members of the order. The term "family," as used in that clause, has a universal meaning. Webster's International Dictionary defines it to be: "The group comprising a husband and wife and their dependent children, constituting a fundamental unity in the organization of society."

In Brown v. Anderson, 88 Ky., 577, this court said:

"It is to us clear the parties to the deed intended the word *family* to embrace, not merely those of the grantor's children who were at the time members of his household, but, also, his lineal descendants generally."

Again, in the response to the petition for a rehearing in Bell v. Keach, 80 Ky., 46, we further said:

"In legal contemplation, whomsoever it is the natural or moral duty of the debtor to support, or is dependent upon him for support, may be considered and treated as a member of his family."

While it is true the constitution and by-laws of the society failed to give the order in which the member's nearest surviving relatives should take, it is nevertheless true that the application directed that in case the beneficiary should not survive Whitt, the insured, the proceeds of the policy should go to his nearest surviving relative. It was the declared purpose of Whitt that his nearest surviving relative should take the proceeds in case he should survive his daughter, who was the named beneficiary

The fact that the constitution and by-laws failed to name the order in which the nearest surviving relative of the insured should take, did not defeat the provision that the insured's nearest surviving relative or relatives should take. The clause in the application above quoted provided a limitation which the society might place upon the natural descent of the fund to the insured's nearest surviving relatives; but it having failed to exercise the power of limitation, the natural descent to the insured's nearest surviving relatives, under the law of descent and distribution, followed.

In taking this view of the case, the circuit court was right.

Judgment affirmed.