## Thompson, et al. v. Latimer.

(Decided June 9, 1925.)

### Appeal from Pendleton Circuit Court.

1. Insurance—Insured May Designate Beneficiaries in Policy, and they are Entitled to its Proceeds.—Under Kentucky Statutes, section 655, insured may designate beneficiaries in policy, and they are entitled to its proceeds.

2. Insurance—Proceeds of Life Insurance Policy, in which Testator's Children were Designated Beneficiaries, Not Liable for Any Debt Due by His Estate.—Under Kentucky Statutes, section 671, proceeds of life insurance policy, in which testator's children were designated beneficiaries, are not liable for any debt due by his estate.

3. Descent and Distribution—Undisposed of Part of Estate is Subject to Distribution Among Nonfavored Children, to Equalize their Share with Favored Children.—If a parent gives or devises to certain children a part only of his estate and dies interstate as to the remainder, a sufficient amount of the undisposed of part will be taken to equalize the others with the favored ones, or equalize them as far as the undevised estate will go.

4. Descent and Distribution—All Devises with View to Permit Settlement Considered as Advancement· Unless Clear Intention to Contrary Appears.—Under Kentucky Statutes, section 1407, liberally construed, all devises for child with a view to a permanent settlement will be considered as an advancement, unless it clearly appears that it was otherwise intended.

5. Descent and Distribution—Designation of Testator's Children as Beneficiaries in Life Insurance Policy Held "Advancement."—In view of Kentucky Statutes, section 1407, gratuitous designation of children as beneficiaries in a life insurance policy on parent's life, whether treated as a gift or testamentary assignment, held an advancement, where the designation was clearly with a view to a permanent settlement in life of the parties.

6. Descent and Distribution—How Value of Advancements is Estimated, Stated.—Advancements are to be estimated at their value when made unless they are given to be enjoyed at a future time, in which event the value is to be estimated at the time when the gift is made complete by the possession and enjoyment of the property.

WADE H. LAIL and R. P. BLAIR for appellants.

M. C. SWINFORD and A. H. BARKER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

W. M. Thompson died intestate survived by six children as his only heirs at law. A short time before his death he assigned to five of his children a policy of insurance on his life, by having them designated as beneficiaries, it having theretofore been payable to his estate. After his death the beneficiaries collected the policy and distributed the proceeds among themselves and the estate was distributed without reference to it. A daughter who was not designated as a beneficiary therein brought this action to surcharge the administrator's settlement and to have each of the other children charged with the amount received from the insurance policy as an advancement and to be allowed the sum of $600.00 out of the distributable funds of the estate before a further distribution. The chancellor granted the relief sought and defendants appeal.

The insured had a right to designate the beneficiaries in the policy and they were entitled to its proceeds. Section 655, Kentucky Statutes. And such proceeds are not liable for any debt due by his estate. Section 671, Kentucky Statutes. It is further earnestly in-

sisted by appellants that the proceeds of this policy did not belong to the estate of W. M. Thompson and was not a part of his assets during life, and therefore its assignment cannot be classified under the heading of property subject to advancements. The argument is that the property in question at the time it was assigned to the appellants by the insured was neither real nor personal property, but was merely a policy on his life, under his control, that could have been changed or reassigned at any time before his death to any other person or persons having an insurable interest in his life; that appellants received no benefits from the policy during the lifetime of the insured and after his death they received the benefits as lawful beneficiaries under the policy and not as a gift of any real or personal property owned by the intestate, and that a gift of such benefits does not constitute an advancement which is defined to be "an irrevocable gift *in presenti* of money or property, real or personal, to a child by a parent to enable the donee to anticipate his inheritance to the intent of his gift." 14 Cyc. 162.

The question has not arisen before in this court and we have found but four reported cases covering it. In one of these appellant's view is upheld. Vincent v. Vincent, 105 La. 30, but the weight of authority is otherwise.

Under similar facts in Richenbach v. Zimmermann, 10 S. C. 110, the value of the policy at the time it was taken out together with the premiums paid, was held to be an advancement. In Cazassa v. Cazassa, 92 Tenn. 573, a case in which there were several policies payable to an elder son of the insured, it was held that the beneficiary should be charged as an advancement with the net amount received by him upon all the policies after his father's death and the same conclusion was reached in Culberhouse v. Culberhouse, 68 Ark. 40.

In many respects the Tennessee statute is similar to that of Kentucky and in the Cazassa case it is said:

"Certainly a parent can purchase property, real or personal, and take title to his child if he chooses, with a view and for the purpose of making it an advancement to such child, and it would be no objection to its being so treated that the property thus advanced had not previously belonged to the estate of the father. Property thus acquired may

constitute an advancement as well as property previously owned by the father.

"In this case the insurance was purchased by the funds of the father. It was the investment of the money paid as a premium by him for the benefit of his son; it was the setting apart and investing of that much of his property, which would otherwise have been accumulated in other forms and gone to his distributees just as much as if he had invested same in some stocks or bonds for the benefit of his child; and if we add the feature that the father should retain the possession of the bond or stock until his death the analogy would be complete.

"It is true that the proceeds of a life policy are by statute protected from seizure for the father's debts, but this in nowise bears upon the matter now under consideration. The premiums being thus invested in the policy, the proceeds of the same are an advancement to the child in the absence of anything showing that the parent intended it to be a gift and not an advancement.

"As a matter of course it is as competent for the father to give the policy to his child as a gift and not as an advancement, as it would be for him to give any other property that he might desire, but in the absence of clear, convincing proof to the contrary, the property will be treated as an advancement and not a gift. . . .

"The mere fact that the policy is taken in the name of the son is no more evidence that it was intended as a gift instead of an advancement than would be the placing of title to real or personal property in the name of the son. All advancements are gifts but there may be a gift that is not an advancement if not so intended when made by the parent."

The above seems to be a sound exposition of the law, but an attempt is made to distinguish that case from this, it being argued that the policy there involved was in an old line company and unassignable, in which the beneficiary took a vested interest thus constituting an irrevocable gift, while the policy in this case was assignable and the gift revocable, consequently the beneficiary acquired only a contingent interest which could have been determined by the insured at any time during his life; that such an assignment is lacking in the essential

elements of an advancement and cannot be so construed. It will be observed that there were several policies in the Cazassa case, some of which may have been assignable, but were it otherwise this contention is not available under our statute which provides:

"Any real or personal property or money, given or devised by a parent or grandparent, to a descendant, shall be charged to the descendant or those claiming through him in the division and distribution of the undevised estate of the parent or grandparent; and such party shall receive nothing further therefrom until the other descendants are made proportionately equal with him, according to his descendable and distributable share of the whole estate, real and personal, devised and undevised. The advancement shall be estimated according to the value of the property when given. The maintaining or educating, or the giving of money to a child or grandchild, without any view to a portion or settlement in life, shall not be deemed an advancement." Section 1407, Kentucky Statutes.

In a long line of cases we have held that an insurance policy is testamentary in character. Robinson v. Duvall, 79 Ky. 83; Hall v. Ayers' Gdn., 32 Rep. 288; Finn, &c. v. Eminent H. of C. W., 163 Ky. 187; Gault v. Gault, 25 Rep. 2310; Neal's Admr. v. Shirley, 137 Ky. 818; Buckler v. Supreme Council C. K. of A., 143 Ky. 618, and under the provisions of the statute, *supra,* in case of partial intestacy the devise is made the subject of advancement. A testator can change his will at any time, and a devisee has no interest, real or contingent, in a devise until after the former's death, and such instances are not controlled by the definition of gifts as advancements.

The purpose of the statute is to effect equality in distribution. A parent may give or devise his entire estate to one or more of his children and exclude the others; but if he gives or devises to certain children a part only of his estate and dies intestate as to the remainder, it will be presumed that he intended to protect those he favored to the extent of the disposition made and this will be upheld, but the law will take hold of the undisposed part and apply a sufficient amount of it to equalize the others with the favored one, or equalize

them as far as the undevised estate will go.   This statute is based on common justice and equality and should be liberally construed.   Not only that, but any and all devises toward a child with a view to a permanent settlement will be considered as an advancement unless it clearly appears that it was otherwise intended.   There is no intimation of a contract between the parties and the assignment was gratuitous; clearly it was executed with a view to a permanent settlement in life of the parties, so that it is immaterial whether the assignment of the policy is to be construed as an investment for appellants on the part of the father by which he paid premiums with funds that would otherwise go to his estate, or be regarded as testamentary in character, as in either instance it is clearly an advancement.

As to the amount to be charged, the law is well settled in this state.   Advancements are to be estimated at their value when made unless they are given to be enjoyed at a future time, in which event the value is to be estimated at the time when the gift is made complete by the possession and enjoyment of the property.   Farley v. Stacy, 177 Ky. 118; Hook v. Hook, 13 B. M. 528; Stevenson v. Martin, 11 Bush 485; Ward v. Johnson, &c., 124 Ky. 1; Bowles v. Winchester, 13 Bush 15.

It follows that whether treated as a gift or in the light of a testamentary assignment the amount of the policy received by each beneficiary after the death of the intestate will constitute the sum to be charged as an advancement.

Perceiving no error the judgment is affirmed.