## Justice v. Mead, et al.

(Decided June 21, 1927.)

## Appeal from Pike Circuit Court.

Descent and Distribution.—Proceeds of life insurance policy, received by insured's son, designated as beneficiary, held a gift or advancement to him within Ky. Stats., section 2352, so as to bar him from recovering interest of less value in land conveyed by insured by general warranty deed.

PICKLESIMER & STEELE for appellant.

ROSCOE VANOVER for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming

Will and Emma Justice, husband and wife, jointly owned and possessed a tract of land, each owning an undivided one-half thereof. They had an only child, appellant Fred Justice. The wife died intestate, and appellant, her child, inherited her interest in the land subject to his father's right therein as her surviving husband. Subsequently Will Justice conveyed the tract of land to appellees, Dave and T. Mead; the deed purporting to convey the entire estate and containing a covenant of general warranty. Shortly before appellant became 21 years of age the father died, and from his estate, as settled by his administrator, appellant received the sum of $38. Prior to his death Will Justice had procured life insurance to the amount of $500, and appellant, Fred Justice, was designated as its beneficiary, and after insured's death collected its proceeds. Thereafter appellant instituted this action against appellee to recover his undivided one-half interest in the tract of land. By answer appellees pleaded the foregoing facts, the fact that the land sought to be recovered was of less value than $538, and the provisions of section 2352, Kentucky Statutes, in bar of and as an estoppel against appellant's right to recover the land. The facts so pleaded were established by the evidence. The chancellor adjudged that the proceeds of the life insurance policy was a gift or advancement within the meaning of the section, supra, of our statutes, and dismissed appellant's petition. Hence, the appeal.

The portion of section 2352, pertinent to the controversy here presented, reads:

"If such deed as is mentioned in the last section (that is, a deed purporting to convey a greater estate than the vendor owns or can lawfully convey) contain a general warranty of the estate it purports to convey, and there shall be a claimant of the land who has received any estate, real or personal, by gift, advancement, descent, devise or distribution from the vendor, such claimant shall be barred of recovery to the extent of the value of the estate so devised."

The narrow question presented by the appeal is whether by receiving the proceeds of the life insurance policy under the circumstances indicated appellant must be held to have "received estate by gift or advancement" from his father, appellees' vendor.

The question seems conclusively to have been settled by this court's opinion in Thompson v. Latimer, 209 Ky. 491, 273 S. W. 65. It was there held that the proceeds of a life insurance policy insuring the life of a parent which he had obtained and the premiums on which he had paid, collected by the children designated in the policy as its beneficiaries, must be treated as an advancement to them upon the settlement of his undevised estate. Under authority of and for the reasons set forth in that opinion, the $500 received by appellant from the proceeds of his father's life insurance policy must be held to have been a gift or advancement to him. It necessarily follows then that the facts here presented bring this case fairly within the provisions of section 2352, supra, and that since the gift or advancement received by appellant from his father, the vendor, was of greater value than the interest in the tract of land sought to be recovered herein, under the express provisions of the statute, supra, he is barred of recovery.

The judgment appealed from, being in accord with this court's conclusions, will therefore be affirmed.

Judgment affirmed.

Whole court sitting.