**Robert R. REMMELE et al., Appellants,**

v.

**Mary B. KINSTLER et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 8, 1957.

Clyde L. Miller, Louisa, for appellants.

K. C. Elswick, Louisa, for appellees.

MOREMEN, Judge.

The sole question for determination on this appeal is whether the conveyance of a house and lot in Louisa by William Remmele to a number of his heirs constituted an advancement under subsection (1) of KRS 391.140. This reads:

"Any real or personal property or money, given or devised by a parent or grandparent to a descendant, shall be charged to the descendant or those claiming through him in the division and distribution of the undevised estate of the parent or grandparent. The person to whom the property or money was given or devised shall receive nothing further from the estate until the shares of the other descendants are made proportionately equal with his, according to his descendable and distributable share of the whole estate, real and personal, devised and undevised. The advancement shall be estimated according to the value of the

property when given. The maintaining or educating or the giving of money, to a child or grandchild, without any view to a portion or settlement in life, shall not be deemed an advancement."

The circuit court adjudged that the conveyance, under the facts, was not an advancement.

William Remmele retired in 1930 at the age of 67 with no estate except a house and lot in Louisa which is the subject of this suit. His wife had no estate and neither he nor his wife had any income from the date of his retirement to the date of their deaths. They had six children: Mary Kinstler of Louisa; Norman Remmele of Catlettsburg; Grace Gault of Cincinnati, Ohio; Irma Gault of Hazard; Ernest Remmele; and Fred Remmele who died in 1940, leaving a widow and three children: William Remmele, Robert R. Remmele and Mary Louise Kouns.

William Remmele and his wife were supported from 1930 up to the date of his death (Mrs. Remmele died in January 1948) by those of the children who are appellees herein, and by Hazel Kinstler and Ella Marie Compton, who are granddaughters of deceased. William Remmele died in 1954 at the age of 91 years. He did not live the entire retirement period in his residence at Louisa. He spent about seven years at Hazard, living with his daughter, appellee, Irma R. Gault; and about five years with his daughter, appellee, Mary B. Kinstler, in a residence owned by her two daughters. In 1946 William Remmele and his daughter, Mary B. Kinstler, took residence in the Remmele home which Mrs. Remmele had not abandoned and they lived there until and after the death of his wife in 1948. On July 15, 1950, he executed a deed to the four children who are appellees in this case: Mary B. Kinstler, Norman Remmele, Grace Gault and Irma Gault. The consideration stated in this deed was "the love and affection the gran-

tor has for the parties of the second part who are children of his."

We are convinced from the testimony that these children were the ones who had supported their parents over the long period of their father's retirement and that the other child and the children of the deceased child did not, to any degree, share in the expenses. It was not shown, however, whether their financial status was such that they could have aided.

During the long period of retirement William Remmele acquired no estate until, about six months before his death, the will of his brother, Charles Remmele, was probated, by the terms of which he received a substantial bequest. The executor of the estate, for a period of five months before William Remmele's death, paid the sum of $100 a month for his support. The record contains proof that during these months William Remmele was ill and perhaps did not realize that his brother had bequeathed him money, but it is far from satisfactory on this point.

On trial, the court impaneled an advisory jury on the questions of undue influence, whether the deed constituted an advancement, and the evaluation of the property. The jury found that the reasonable market value of the house was $7,000, that the deed was not procured through undue influence and that it was executed and delivered as compensation to the appellees for money, care and services rendered to their father and mother. The court thereupon entered judgment in which it was decreed that the deed was not an advancement.

Appellants for reversal rely upon the statute first above quoted and upon Ecton v. Flynn, 229 Ky. 476, 17 S.W.2d 407, 409, in which the facts are: Flynn had two children by his first marriage and three by his second. His second wife died in 1916 at the time when he was 63 years old. He owned a farm of 110 acres. In 1923, Flynn executed to the three children by his second wife a deed for 50 acres of the

110 acres. In 1924, he died intestate owning the 60 remaining acres of his farm and four lots in Winchester. His two children by his first wife contended that the conveyance to the three children by his second wife of 50 acres was an advancement since he died intestate owning 60 acres and the four lots. The deed in the Ecton case also recited that the consideration was "love and affection." But the Ecton deed went further than did the Remmele deed, and stated: "It is expressly understood and agreed by the parties hereto that the conveyance of this land to the second parties by the first party is not in the nature of an advancement from the first party to the second parties, but is an absolute gift to them." This court, nevertheless, held that, regardless of the language used by which the donor expressly stated that it was not an advancement, the court was bound to treat it as such, saying:

"Under the provisions of section 1407, Ky.Stats. [Now KRS 391.140], the conveyance of the 50 acres of land to appellees must be treated as an advancement, if the consideration was as expressed in the deed. The intention of the grantor in such cases, or the donor, does not govern. As has been held by this court, the purpose of the statute is to effect equality in distribution. If a parent gives a child, or certain of his children, a part only of his estate, and dies intestate as to the remainder, the law will take hold of the undisposed part and apply a sufficient amount of it to equalize the others with the favored ones, or to equalize them as far as may be done with the undisposed part of the estate. Hook v. Hook, 13 B.Mon. 526, 52 Ky. 526; Clarke v. Clarke, 17 B.Mon. 698, 56 Ky. 698; McCray v. Corn, 168 Ky. 457, 182 S.W. 640; Isgrigg v. Isgrigg, 179 Ky. 260, 200 S.W. 478; Thompson v. Latimer, 209 Ky. 491, 273 S.W. 65."

In the Ecton case was presented the same question which we have here, that is whether the evidence produced was sufficient to establish that the conveyance had been made in payment of services that had been rendered. As we understand the opinion in the Ecton case, it is not only necessary that the grantor state in the deed that it is a conveyance in satisfaction of services rendered, but the conditions be such that it is in payment of a valid claim for services. It was said:

"In such cases it is not sufficient to show that services had been rendered which might have answered as a consideration for the conveyance, but it must be shown that it was the intention of the parties, at the time of the execution of the conveyance, that the services should be thus satisfied. If it is only shown that the children had rendered such services to the parent in giving to him attention showing their affection, and which gave rise to a desire on his part to make a gift because of the gifts of service which he had received, the evidence is not sufficient. The evidence must be so clear and convincing that the mind is not left in doubt as to the intention of the parties at the time."

We think it is unnecessary in this opinion to discuss and classify the great number of cases in which this court has attempted to lay down rules which may assist in determining whether a contract, either expressed or implied, existed between parent and child. See Kellum v. Browning's Adm'r, 231 Ky. 308, 21 S.W.2d 459. There was no attempt by pleading or proof to show that any type of contract for support of William Remmele existed because of written or spoken words or the acts of the parties. The record evidences only filial devotion on the part of appellees, without expectation of particular pay.

We have seen from quoted portions of the Ecton case that an act done in appreciation by the father for such services rendered will not take the property conveyed from the classification of an ad-

vancement. The fact that Remmele, at the time he executed the deed, conveyed all his property then owned does not move this case beyond the compelling force of the statute because it is concerned with the distribution of property which remains undisposed of or undevised at the time of death. We cannot avoid the fact that at the time of his death, William Remmele owned a considerable estate of undevised property.

We realize full well that in this particular case the statute seems to work an injustice; perhaps it does in all cases where some of the children discharge their parental obligation and others do not, but if a fault exists in this rule, it lies in the statute and not in its interpretation and we are compelled to follow the decision in the Ecton case.

The judgment is therefore reversed.