SARAH A. BARTON *v.* PROVIDENT MUTUAL RELIEF ASSOCIATION.

JAMES W. BARTON AND BETSEY T. BARTON *v.* SAME.

Where the by-laws of a mutual benefit association, in the nature of a life insurance company, provide that upon the death of a member the benefit shall be paid to his direction, the member may change the beneficiary by surrendering his certificate of membership and procuring a new one made payable to the person therein named.

The first case is covenant broken, to recover $2,000 as a benefit payable upon the death of George C. Barton. The second is assumpsit to recover the same benefit.

Facts agreed. August 16, 1881, George C. Barton made application to the defendants for membership. In this application was the following: " I wish this benefit to be paid to my wife, Sarah A. Barton." A certificate of membership, in due form, was issued to him August 17, 1881, numbered 1,629, which contained the following: " In accordance with the provisions and laws governing said association, a sum not exceeding $2,000 will be paid by the association as a benefit, upon due notice of his death and the surrender of this certificate, to such person or persons as he may, by entry on the record-book of the association, or on the face of this certificate, direct said sum to be paid, provided he is in good standing

when he dies." At the date of the issue of this certificate, the name of Sarah A. Barton was entered on the record-book of the defendants as the person to whom the benefit was to be paid upon his death.

February 3, 1883, the above certificate was surrendered by George C. Barton to the company, and a new one, bearing the same date and number, and called a "duplicate," issued in its place. This last certificate contained the following: "In accordance with the provisions and laws governing said association, a sum not exceeding $2,000 will be paid as a benefit, upon due notice of his death and the surrender of this certificate, to his parents, James W. Barton and Betsey T. Barton, equally, provided he is in good standing when he dies."

On the right-hand margin was the following: "This certificate must accompany the receipt of death benefit." On the left-hand margin,—"To change beneficiaries, a new certificate will be issued by surrender of this." This certificate was signed by the president and secretary, and under seal. George C. Barton died January 2, 1884, leaving his wife, Sarah A. Barton, and his parents, James W. Barton and Betsey T. Barton, and a minor son, surviving.

Both plaintiffs claim the $2,000. The defendants admit their liability to pay $2,000; and it is agreed that the deposit of that sum to meet the judgment in this suit, in some savings-bank in Concord, shall relieve the defendants from further claim for costs or interest. Judgment to be rendered in favor of the party entitled to the same. The charter and by-laws of the defendants are made part of the case.

*Chase & Streeter* and *Nathaniel E. Martin*, for Sarah A. Barton. The contract is one of insurance, whatever may be the terms of payment of the consideration by the insured, or the mode of securing payment of the sum to be paid by the insurer in event of death, and although the object of the insurer in making the contract is benevolent and not speculative, and the rule is the same even if the assessments paid by members are wholly voluntary and could not be collected by action at law; and no less a contract of insurance upon the life of a member, because the amount to be paid is limited by the number of members holding similar contracts; nor because the amount of assessments is uncertain, and depends upon the number of deaths. May Insurance 550a; *Commonwealth* v. *Wetherbee*, 105 Mass. 149; *Masonic Mutual Life Ins. Co.* v. *Miller*, *Adm'r*, 13 Bush. (Ky.) 489; *Masons' Benevolent Society* v. *Winthrop, Adm'r*, 85 Ill. 537.

In the foregoing cases, the charter and by-laws of the different insurance companies and societies do not differ materially from the charter and by-laws of the defendants. When a husband takes out upon his own life a policy of insurance, and therein names his wife as beneficiary, at that moment the policy and the money due

under it belong to the beneficiary, and the husband cannot by any act of his assign or surrender the policy, nor devise the money due under it. When George C. Barton named his wife beneficiary, it was an irrevocable and executed settlement upon her, and she had. a vested interest in the certificate; and if her husband neglected to pay the assessments, she could pay them herself. *Ricker* v. *Charter Oak Life Ins. Co.*, 27 Minn. 193; *Gould* v. *Emerson*, 99 Mass. 154; *In re Succession of Kugler*, 23 La. An. 455; *Chapin* v. *Fellowes*, 36 Conn. 136; May Insurance, *s.* 391;—see, also, *Stokell* v. *Kimball*, 59 N. H. 13; G. L., *c.* 175.

The purpose of our statute is not only to prevent creditors from reaching such funds as are in the defendants' hands, but also to restrain the husband from revoking a settlement and trust which he has created for his wife.

*S. C. Eastman*, for J. W. and Betsey T. Barton.

*Barnard & Barnard*, for the defendants.

ALLEN, J. The mutual contract between the husband of the plaintiff, Sarah A. Barton, and the defendant association, provided for a consideration to be paid as a condition of membership, and further sums to be paid annually and at other times as assessments, by one party, and a sum not exceeding $2,000, to be ascertained by rules certain, to be paid by the other party, on the death of the member, to any person designated by him, and is in form and substance a contract of life insurance. May on Ins. 1; *Commonwealth* v. *Wetherbee*, 105 Mass. 149.

The contract, though one of life insurance, must be interpreted according to its terms, in view of the laws of the defendant association and of the evident understanding of the parties. The by-laws provide that " when a member dies, the association shall pay within sixty days, to his direction as entered upon his certificate of membership, the sum of two thousand dollars," if the death assessments amount to that sum. The certificate of membership provides that " in accordance with the provisions and laws governing said association, a sum not exceeding $2,000 will be paid by the association as a benefit, upon due notice of his death and the surrender of the certificate, to such person or persons as he may, by entry on the record-book of the association or on the face of this certificate, direct, said sum to be paid provided he is in good standing when he dies." The power of direction as to the object of the benefit is given to the member both in the by-laws and certificate of membership, and there is nothing in either tending to show that the power is to be exercised at the time of becoming a member, or that, when exercised, the power is exhausted and another beneficiary cannot be substituted. The power of selection is unlimited as to persons, and is limited in time only by the death

of the member. The certificate remains in the possession and control of the member until death, and the provision for paying the benefit to the person named in the certificate at the death of the member, as then appears, leaves the power to appoint the beneficiary continuous until that event. The power of appointment is the one thing in the contract which is given to the member, and over that power no other person has any control. The right of its free exercise requires its continuance until death. The appointment by Barton of the plaintiff, his wife, to the benefit at the time he became a member, was no bar to his right to appoint another or others by a subsequent change. She was no party to the contract, and acquired no vested right in the benefit. The contract was between Barton, her husband, and the defendants, who, on the performance of the conditions of membership, agreed to pay the benefit to any person whose name might appear by his entry on the record-book or the face of the certificate at his death. The power of appointment being free and continuous, no right to the benefit could vest in the plaintiff until it became certain that her name remained in the certificate as beneficiary at her husband's death. If, by the entry of her name as beneficiary, the plaintiff acquired any interest whatever in the benefit, it was only a contingent interest, which her husband had the power to defeat, and which he has defeated, by exercising the power of substitution in the appointment of other beneficiaries.

Chapter 175, Gen. Laws, which gives the benefits of life insurance to the beneficiaries named in the contract to the exclusion of the creditors and personal representatives of the assured, does not attempt to control or interpret contracts of insurance, but protects beneficiaries, whoever they may be found to be, and has no application here. The plaintiffs, James W. and Betsey T. Barton, are entitled to the fund. There must be judgment for the defendants in the suit of Sarah A. Barton, and for the plaintiffs in the suit of James A. and Betsey T. Barton.

*Judgment.*

SMITH, J., did not sit: the others concurred.