CASE 100.—ACTION BETWEEN JAMES NEAL'S ADMINIS-
        TRATOR AND ANNA BELLE SHIRLEY'S ADMIN-
        ISTRATOR FOR THE PROCEEDS OF A LIFE
        POLICY.—April 29, 1910.

## Neal's Admr v. Shirley's Admr

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

SHACKELFORD MILLER, Judge.

From a judgment dismissing the petition of James Neal's administrator he appeals.—Affirmed.

1.  Insurance—Life Insurance—Beneficiaries.—Under Ky. St. section 655, the beneficiary in a life policy, or in the case of his death his legal representative, is entitled to the proceeds of a life policy as against the representative of insured.

2.  Insurance—Life Insurance—Insurable Interest.—A mother has an insurable interest in the life of her son.

3.  Insurance—Life Insurance—Rights of Beneficiaries.—Where a life policy stipulated that on insured reaching a specified age the proceeds should go to him, but if he died before that age the proceeds should go to his mother as beneficiary, or her legal representative, and he died before such age, after the death of his mother, the representative of the mother was entitled to the policy, under Ky. St. section 655.

SCOTT & HAMILTON for appellant.

STANLEY R. WOLF for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

On August 6, 1906, the Metropolitan Life Insurance Company issued a policy by which, in consideration of 10 cents to be paid each week, it insured the life of James Neal. The policy contained these provisions: ''The Metropolitan Life Insurance Company herein agrees   *   *   *   to pay as an endowment to insured named in said schedule on the anniversary of this policy next after he or she shall have arrived at the age of 79 years, upon the surrender of this policy and all receipt books, the sum named, and doth further agree, subject to the conditions aforesaid, if the insured shall die prior to the date of the maturity of the endowment, to pay, upon receipt of proofs of death of insured made in the manner, to the extent and upon the blanks required herein, and upon receipt of this policy, and upon all receipt books, the amount stipulated in said schedule, subject to the conditions of this policy. In case of such prior death of insured, the company may pay the amount due under this policy to either the beneficiary named in the said schedule or to  any relative by blood or connection by marriage to the insured, or to any other person appearing to the said company to be entitled to the same by reason of having incurred expense in behalf of the insured or for his or her burial, and the production of a receipt signed by either of said persons shall be conclusive evidence that all claims under this policy have been satisfied. Name of beneficiary, and relationship;

Anna Shirley, mother.'' The beneficiary, Anna Shir-
ley, died on March 22, 1909; the insured, James Neal,
died on June 11, 1909. Both died insolvent. There
was due on the policy at his death $220, and this con-
troversy has arisen between the personal representa-
tive of the son and the personal representative of
the mother, as to which of them is entitled to the
money. The circuit court entered judgment in favor
of the latter, and the former appeals.

Section 655, Ky. St. provides: ''When a policy of
insurance is effected by any person on his own life,
or on another life in favor of some person other than
himself, having an insurable interest therein, the law-
ful beneficiary thereof, other than himself or his legal
representatives, shall be entitled to its proceeds
against the creditors and representatives of the per-
son effecting the same.'' We had before us the con-
struction of the statute in Hall v. Ayer, 105 S. W.
911, 32 Ky. Law Rep. 288. In that case one of the
beneficiaries had died before the insured. We there
held that the words ''his legal representatives,'' in
the phrase ''the lawful beneficiary thereof other than
himself or his legal representatives,'' refer to the
legal representatives of the beneficiary. The mean-
ing of the statute in a case like this, therefore, is that
the beneficiary, or, if he be dead, his legal repre-
sentatives, shall be entitled to the proceeds of the
policy against the representatives of the person ef-
fecting the insurance. The statute was plainly in-
tended to protect the proceeds of policies of this sort
against the creditors of the insured, and this pro-
tection was extended no less to the legal representa-
tives of the beneficiary than to the beneficiary him-
self. The statute as thus construed necessarily ex-
cludes from any interest in the proceeds of the policy

"the representatives of the person effecting" the insurance. Under the statute the personal representative of James Neal takes no interest in the insurance policy before us. To adjudge him an interest in it would be to deny proper effect to the words of the statute.

The policy insured the life of James Neal. His mother was the lawful beneficiary. She had an insurable interest in his life. If he lived to be 79, the proceeds went to him, and her interest was defeated; but, if he died before he was 79, the proceeds went to her or her legal representative. The fact that the company was authorized to pay the proceeds to certain persons in no way affects the rights of the appellant under the statute. The representative of the insured, being excluded by the statute from any interest in the proceeds, cannot complain that his petition claiming the fund was dismissed.

Judgment affirmed.