MUTUAL LIFE INS. CO. OF NEW YORK
v. CORODEMOS et al.
No. 3888.

District Court, D. Massachusetts.
May 23, 1934.

Reginald Foster and George Hoague, both of Boston, Mass., for plaintiff.

Richard H. Lee and William F. Garcelon, both of Boston, Mass., for defendant Old Colony Trust Co.

Howard V. Redgate, of Boston, Mass., for defendant Jeannette Corodemos.

BREWSTER, District Judge.

In this proceeding the Mutual Life Insurance Company of New York has paid into court the proceeds of three policies of insurance issued by the company upon the life of one George P. Corodemos, and has asked this court to determine whether the amount deposited is the amount for which the insurance company is liable on the policies; and also to determine whether the widow of the insured or his trustee under a written declaration of trust is entitled to such proceeds.

Statement of Facts.

1. On August 22, 1918, the complainant issued policy No. 2,519,234 for the principal sum of $2,000. The policy was originally payable to the insured's wife, Jeannette Corodemos, one of the respondents herein, as beneficiary, with the right reserved to change the beneficiary. Subsequently the insured twice changed the beneficiary, each time reserving the right to change. On July 15, 1930, the insured again named the respondent Jeannette Corodemos as beneficiary, still reserving a right to make a further change of beneficiary.

2. On August 9, 1926, the complainant issued two policies of insurance; one policy numbered 3,679,063, for the principal sum of $5,000, and one numbered 3,679,064, for $10,000. These policies were originally payable to the respondent Jeannette Corodemos. The same changes of beneficiary were made with respect to these policies as were made in the policy described in the last preceding paragraph.

3. Policy No. 2,519,234 contains the following provision as to change of beneficiary:

"If the right to change the beneficiary has been reserved, the Insured, if there be no existing assignment of this Policy, may, from time to time, while this Policy is in force designate a new beneficiary, with or without reserving the right to change the beneficiary,

by filing written notice thereof at the Home Office of the Company accompanied by this Policy for suitable endorsement hereon. Such change shall take effect upon the endorsement of the same on the Policy by the Company."

Policy No. 3,679,063 and policy No. 3,679,-064 contain the following provision as to change of beneficiary:

"Unless otherwise provided by endorsement on this Policy or unless there be an existing assignment of this Policy, other than to the Company, the Insured may, from time to time, while the Policy is in force, change the beneficiary by filing written notice at the Home Office of the Company accompanied by the Policy for endorsement. Such change shall take effect upon endorsement of the Policy by the Company."

All of the above policies carried disability benefits.

4. By a written instrument dated February 6, 1933, Corodemos appointed the Old Colony Trust Company a trustee to hold four policies of insurance, including the three here involved, to be payable to the trustee; the proceeds of said policies to be held upon certain trusts in favor of the wife and others, as set forth in said written instrument. The provisions of said trust agreement material to the present inquiry are found in the seventh paragraph thereof in which the donor reserves the right, without the consent or approval of the trustee, not only to control said policies of insurance, to exercise any option or privileges granted therein, but also to "receive all payments, dividends, surrender values, benefits or privileges of any kind which may accrue on account of said policies during his lifetime."

5. On the same day, to wit, February 6, 1933, Corodemos signed and acknowledged the standard form of notice requesting the company to change the beneficiary in each of said policies to the Old Colony Trust Company, "Trustee under Deed of Trust dated February 6, 1933," and left these notices and the policies with the respondent trust company, with instructions to do whatever was necessary to complete the change of beneficiary in the three policies.

6. On February 8, 1933, the respondent trust company forwarded the policies, together with the notices of change of beneficiary, to the Boston manager of the insurance company, with instructions to return the policies to the trust department of the bank when the transaction had been completed. On February 9, the Boston manager returned the requests for the signature of the notary public, and in the same communication advised the trust company that the insurance company must have a copy of the trust agreement before the matter could have further attention. The notices were promptly returned, duly executed. On February 15, a copy of the agreement was furnished, as requested, and thereupon the policies were forwarded by the local manager to the home office in New York. On February 25, 1933, the home office addressed a communication to the Boston manager, as follows:

"We return herewith the above numbered policies and requests for change of favor, dated the 6th instant. We note that these policies provide for disability benefits, in view of which fact, we would refer you to our circular letter No. 829, the requirements of which should be complied with."

Circular letter No. 829 contained a suggested form, to be used when a trustee is named as beneficiary, which related to the disability benefits. On March 1, the Boston manager returned the policies to the home office in New York, together with the requests for change, and properly advised that the trust went into effect only in the event of the death of the insured, and that, therefore, the disability benefit did not come into the trust.

7. Nothing further was done by the insurance company with respect to these requests for change of beneficiary prior to March 6, when Corodemos died, in Florida where he had gone a day or two after he had executed the deed of trust. At the time of his death the requested change of beneficiary had not been indorsed upon the policies. Due proof of the insured's death was made by the respondent trust company. The respondent Corodemos and the respondent trust company, being unable to agree as to who was entitled to the proceeds of the policies, the insurance company brought this bill of interpleader.

8. Respecting the correctness of the amount deposited, I find that in the applications for the policies of insurance Corodemos gave the date of his birth as July 3, 1884, and the premiums were based upon his age as of that date. I find from the evidence that the insured was born on July 3, 1883, and that the amount payable by the company under the contract and the laws of Massachusetts is the amount of insurance which the premiums paid would have purchased. Computed on this basis, the liability of the insurance company on the three policies, including cash dividends, refund of premiums and in-

terest, would amount in the aggregate to the following sums:

| | |
|---|---|
| Policy No. 2,519,234 | $2,053.33 |
| Policy No. 3,679,063 | 4,961.42 |
| Policy No. 3,679,064 | 9,921.82 |
| Total | $16,936.57 |

### Conclusions of Law.

The only question of law presented on the above facts which needs to be considered is whether there was an effectual change of beneficiary notwithstanding the failure of the insurance company to indorse upon the policies the insured's requested change. The authority of the Massachusetts decisions and of those of the federal court point to an affirmative answer to this question. When an insured has done all that the contract of insurance requires of him in order to effectuate a change and nothing is left but the purely ministerial act of indorsement by the insurance company, the courts will apply the equitable maxim which regards that as done which ought to have been done. Kochanek v. Prudential Insurance Company, 262 Mass. 174, 159 N. E. 520, 522; Brown v. Home Life Ins. Co. of N. Y. (D. C.) 3 F.(2d) 661; New England Mutual Life Insurance Co. v. Reid (D. C.) 263 F. 451; Navassa Guano Co. v. Cockfield (D. C.) 244 F. 222; Illingsworth v. Illingsworth, 186 App. Div. 958, 172 N. Y. S. 899; White v. White (Sup.) 194 N. Y. S. 114; Hall v. Prudential Ins. Co., 132 Misc. 162, 229 N. Y. S. 228.

Kochanek v. Prudential Ins. Co., supra, was a case where the court held that the long delay in completing the change of beneficiary acquiesced in by the insured warranted the inference that the request for a change had been abandoned; nevertheless, in the course of the opinion the court observes:

"We assume in equity a change in beneficiary or beneficiaries will result where the assured has done everything possible to conform to the terms of the insurance contract, and dies before the formal and ministerial acts of the officers of the insurance company have been performed."

The case at bar falls within this equitable doctrine.

The insured had reserved the right to change the beneficiaries in these three policies. The terms of the contract relative to change of beneficiary required no specific form of notice, but the insured had duly executed a form furnished by the insurance company. There is here no suggestion of any abandonment by the insured of his intention to complete the change. The trust company, acting for the insured, had promptly furnished the company with a requested copy of the deed of trust; the form of notice was adequate, and the Boston representative of the insurance company had so notified the home office without unnecessary delay. Everything possible had been done by the insured to render effective the change. The provisions relative to indorsement on the policy are inserted for the benefit of the company, and failure on its part to make the indorsement within a reasonable time cannot defeat the rights of the last-named beneficiary. Navassa Guano Co. v. Cockfield, supra.

The respondent Corodemos advances the argument that the statutes of Massachusetts (G. L. [Ter. Ed.] c. 175, § 126) require a different conclusion. This statute, designed to protect the proceeds of insurance policies from the assault of the insured's creditors, provides in substance that every policy of life insurance made payable to a married woman, by assignment or by designation of beneficiary, shall inure to her separate use and benefit "whether or not the right to change the named beneficiary is reserved by or permitted to the person effecting such insurance." Upon this statute this respondent bases the somewhat novel argument that after a policy is once made payable to a married woman, the insured has thereafter no rights to determine to whom the proceeds shall be paid, even though the contract expressly reserves to him that right. I am unable to adopt this interpretation of the statute. As the title to the act of 1928 (chapter 176, § 2), amending section 126 of G. L. 175, clearly indicates, the purpose of the legislation was to exempt proceeds of policies payable to married women from claims of creditors of the insured. It was not to cut down the insured's rights to exercise options open to him by the terms of the contract. Compare Bailey v. Wood, 202 Mass. 549, 89 N. E. 147, 25 L. R. A. (N. S.) 722.

While the fact may have no legal significance, it is proper to observe that the respondent Corodemos is the principal beneficiary under the trust created by her late husband, and to an extent the proceeds of the policies will inure to her benefit.

In conclusion, I rule that the respondent Old Colony Trust Company is the beneficiary named in the policies in question, and as such beneficiary is entitled to the proceeds now on deposit in this court, without any deduction for attorneys' fees or costs incurred in these proceedings inasmuch as the contro-

versy between the parties would never have arisen if the insurance company had promptly indorsed the change upon the policies.

Accordingly, a decree may be entered declaring the policies fully paid and canceled, and the complainant discharged and released from any and all claims thereunder, and directing the clerk to pay the fund now in the registry to the Old Colony Trust Company, trustee. The form of the decree may be submitted for approval.