Grafton Probate Court, } No. 3748.
    July 6, 1948.

IN RE FRANK T. ROSE ESTATE.

*Carr & Gifford* (*Mr. Gifford* orally), for the plaintiff.

*Bove, Billado & Dick* (of Vermont) and *Robert P. Bingham* (*Mr. Bingham* orally), for the defendant.

KENISON, J. The plaintiff's claim to the proceeds of the insurance policies is first predicated on the applicability of R. L., *c.* 327, *s.* 1: "Every policy of life or endowment insurance made payable to or for the benefit of a married woman, or after its issue assigned, transferred, or in any way made payable to a married woman or to any person in trust for her or her benefit, whether procured by herself, her husband, or by any other person and whether the assignment or transfer is made by her husband or by any other person, shall enure to her separate use and benefit, and to that of her children, subject to the provisions of law, relative to premiums paid in fraud of creditors." Under our decisions this statute has been construed to be an exemption statute and not a distribution statute. In *Barton* v. *Association,* 63 N. H. 535, 538, the purpose and effect of the statute was described in the following terms: "Chapter 175, Gen. Laws, which gives the benefits of life insurance to the beneficiaries named in the contract to the exclusion of the creditors and personal representatives of the assured, does not attempt to control or interpret contracts of insurance, but protects beneficiaries, whoever they may be found to be, and has no application here." While some of the earlier cases contain language indicating a different result, the confusion was eliminated in *Barbin* v. *Moore,* 85 N. H. 362, 365: "It has been suggested that the statute . . . providing certain safeguards as to policies wherein a married woman is the designated beneficiary forbids any alteration in derogation of her rights. The language of the case last cited [*Stokell* v. *Kimball,* 59 N. H. 13, 14] tends to support such a conclusion; but in a later case, where the point was pressed in argument, it was decided that, if the policy contained a reservation of the right to change the designated beneficiary, such action would cut off her right. *Barton* v. *Association,* 63 N. H. 535."

In the instant case the insured reserved the right to change the beneficiary in each one of the policies. While that right was never exercised subsequently, he did provide initially that the proceeds were payable to his "executors" if his wife was not living. Where by the express language of the policy, the proceeds are payable to the

beneficiary only if living at the time of the insured's death, the beneficiary's interest, however it may be described (*Barbin* v. *Moore, supra*), is defeated by prior death. The benefits of the policies then accrue to the insured or other persons designated by him in the insurance policy. In such instances survivorship of the beneficiary is a condition precedent to receiving the proceeds by the express terms of the policy.

The history of our married woman's act (R. L., c. 327, s. 1), from its origin in Laws 1850, c. 967, to the present time, shows that it was substantially copied from the Massachusetts statute. The purpose of the latter statute has been construed to provide an exemption from creditors' claims and not to effect the distribution of life insurance proceeds contrary to the terms of the insurance policy. *Mass. Linotyping Corp.* v. *Fielding*, 312 Mass. 147; *Mutual Life Ins. Co.* v. *Corodemos*, 7 F. Supp. 349. Where the policy contains a provision for the disposition of the proceeds if the beneficiary dies first, the statute does not apply. The substantially identical statute of Kentucky has been so construed. Anno. 167 A. L. R. 1021, 1023. The only case reaching a contrary result is *Kindleberger* v. *Lincoln Nat. Bank of Wash.*, 155 F. (2d) 281, which involved statutes in the District of Columbia dissimiliar to R. L., c. 327, s. 1. That case has not been followed in any other jurisdiction. Our statute does not control where the policy specifically provides for the disposition of the proceeds in case of the prior death of the beneficiary.

There remains the further question whether the insurance proceeds pass to the plaintiff under the second clause of the will or pass intestate to the defendant. There is no statute or decision in the state which precludes the bequest of insurance proceeds payable to one's estate or executors. See *Tennant* v. *Upton*, 78 N. H. 600. The language of clause two is sufficient in this case for that purpose. Whatever may be the rule elsewhere it has been decided recently in this jurisdiction that the anti-lapse statute (R. L., c. 350, s. 12) may apply to a bequest in a residuary clause. *Stearns* v. *Matthews*, 94 N. H. 435, 438. Consequently the plaintiff in the words of the anti-lapse statute "shall take the estate bequeathed or devised, in the same manner the legatee or devisee would have taken it if [s]he had survived."

The first question certified is answered "yes" making unnecessary any answer to the second question.

*Case discharged.*

All concurred.