K. M. Bennett, *Administratrix*

*v.*

Loretto K. Bennett, *et al.*

(No. 10275)

Submitted September 27, 1950.  Decided November 21, 1950.

4

*Haymon H. Boggs,. Steptoe & Johnson, Oscar J. Andre,* for appellant.

*Charles R. Beall, Mohler, Peters & Snyder,* for appellee.

HAYMOND, JUDGE:

This suit in equity was instituted in the Circuit Court of Gilmer County by the plaintiff, K. M. Bennett, Administratrix of Byrd A. Bennett, deceased, to determine

who, as between the plaintiff and the defendants, Loretto K. Bennett, Executrix, and P. A. Bennett, Executor, of Carey M. Bennett, is entitled to the proceeds of a policy of life insurance issued to Carey M. Bennett in his lifetime. The case was submitted for decision upon the bill of complaint of the plaintiff and its exhibits, one of which is a photostatic copy of the policy of insurance, and the separate answers of each of the defendants. No testimony was introduced by any of the parties and the material facts are not disputed. By final decree entered March 1, 1950, the circuit court held that the plaintiff, as the personal representative of the estate of Byrd A. Bennett, was entitled to the proceeds of the policy, and from that decree this appeal was granted by this Court upon the petition of the defendants.

The policy of life insurance which forms the basis of this suit was issued by International Life Insurance Company to Carey M. Bennett, the insured, on March 20, 1926, in the amount of $5,000.00, and was subsequently acquired and its obligations assumed by General Insurance Company. Byrd A. Bennett, the wife of the insured, was designated as the beneficiary in the policy, which contained these pertinent provisions: "The beneficiary under this policy is designated by the insured with reservation of the right to change such beneficiary. In the event of death of any beneficiary before the insured the interest of such beneficiary shall vest in the insured." Byrd A. Bennett, the beneficiary, died intestate on May 17, 1935, and her sole heirs and distributees were Carey M. Bennett, her husband, and P. A. Bennett, her son. After her death Carey M. Bennett, the insured, married Loretto K. Bennett. Carey M. Bennett died on November 23, 1946, more than eleven years after the death of his first wife, Byrd A. Bennett, without exercising his right to change the beneficiary designated in the policy. He left a will, in which he named Loretto K. Bennett as executrix and P. A. Bennett as executor, and in which, by a residuary clause, he gave to Paul A. Bennett, his

6

son, and Loretto K. Bennett, his widow, equally, the residue of his estate. During his lifetime he obtained a loan upon the policy and at the time of his death the net amount of the proceeds of the policy was $2,344.27. This sum was paid by the insurer to the defendants as the personal representatives of Carey M. Bennett, and they now hold this amount of money until the final determination in this suit of the person or the persons for whose benefit it shall be administered. No question is presented concerning the right of any creditor of Carey M. Bennett to the proceeds of the policy.

The plaintiff claims the net proceeds of the policy under the provisions of Section 34, Article 3, of Chapter 33 of the Code of 1931. This statute was enacted March 5, 1929, as Chapter 27 of the Acts of the Legislature, 1929, Regular Session, and it became effective ninety days after its enactment, which was nearly three years after the policy was issued to Carey M. Bennett. The defendants contend that the statute does not apply to the policy and that, if it does, it impairs the obligation of the contract of insurance between the insurer and the insured and for that reason violates Article I, Section 10, of the Constitution of the United States, and Article III, Section 4, of the Constitution of West Virginia, which respectively declare that no State shall pass any law impairing the obligations of contracts and that no law impairing the obligation of a contract shall be passed.

The pertinent part of Section 34 of the statute is in these words: "If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives

of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person: * * *." Statutes of the same general character have been enacted in a number of other jurisdictions and they have been held to be exemption statutes and not statutes which effect or govern the distribution of life insurance proceeds contrary to the terms of the policy. *In re Rose's Estate,* 95 N. H. 208, 60 A. 2d 116; *Barton* v. *Provident Mutual Relief Association,* 63 N. H. 535, 3 A. 627; *Massachusetts Linotyping Corporation* v. *Fielding,* 312 Mass. 147, 43 N. E. 2d 521; *Dellefield* v. *Block* (D. C., N. Y.), 40 F. Supp. 616; *Mutual Life Insurance Company of New York* v. *Corodemos* (D. C., Mass.), 7 F. Supp. 349.

The statute has not been construed in any decision of this Court, but it has been considered with respect to its effect upon the claims of creditors of the insured to the proceeds of a policy of life insurance which designates a special beneficiary, and in *Scruggs* v. *Jefferson Standard Life Insurance Company,* 125 W. Va. 89, 23 S. E. 2d 74, the opinion contains this statement: "The question of the rights of creditors to the proceeds of a life insurance policy has been the subject for determination in numerous instances and the general rule is that, in the absence of special equities, creditors of the insured have no interest in the proceeds of a policy designating a special beneficiary. Cooley's Briefs on Insurance, 2nd Ed., Vol. 7, page 6494. In this jurisdiction the essence of the general rule, in the absence of an intent to defraud creditors, has been embodied in a legislative enactment, Code, 33-3-34".

The purpose of the statute, Code, 1931, 33-3-34, and of similar statutes in other jurisdictions, in instances to which such statutes apply, is to protect the proceeds of life insurance policies, in which a person other than the insured is named as beneficiary, against creditors of the insured. See *Dellefield* v. *Block* (D. C., N. Y.), 40 F. Supp.

616; *Massachusetts Linotyping Corporation* v. *Fielding*, 312 Mass. 147, 43 N. E. 2d 521; *Chatham Phenix National Bank and Trust Company* v. *Crosney*, 251 N. Y. 189, 167 N. E. 217; *United States* v. *Sullivan* (D. C., N. Y.), 19 F. Supp. 695, affirmed 95 Fed. 2d 1021; *In re Messinger* (C. C. A. 2nd Circuit), 29 F. 2d 158; *In re Weick* (C. C. A. 6th Circuit), 2 F. 2d 647; *In re Rose* (D. C., Pa.), 24 F. 2d 253; *In re Firestone* (D. C., N. Y.), 2 F. Supp. 96; 22 Am. Jur., Exemptions, Section 72.

The decisions of the courts in the different jurisdictions, in which statutes of the general character of the statute involved in this suit exist, are not in entire accord as to the meaning and the effect of such statutes with regard to policies of insurance to which they variously relate.

A statute of the State of New York, added by Section 55a, Chapter 468 of the Laws of 1927, to Chapter 33 of the Laws of 1909, effective March 31, 1927, contained, among others, these provisions: "If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person; * * *." The language of the statute just quoted closely resembles that of the statute of this State. Since the enactment of the New York statute, the lower courts of that state have held, in a number of reported cases between the personal representatives of benefici- aries who died before the insured and the personal rep-

resentatives of the insured,' that the provisions of the policies govern the disposition of the proceeds. *In re Czarnack's* Estate, 140 Misc. 754, 251 N. Y. S. 536; *In re Valverde's Estate,* 148 Misc. 49, 347, 265 N. Y. S. 484; *In re Burza's Estate,* 155 Misc. 44, 279 N. Y. S. 90; *Morgan v. Sackett,* 172 Misc. 855, 16 N. Y. S. 2d 583. In each of those cases the statute was not interpreted or applied and effect was given to a clause of a policy of life insurance which provided in substance that the proceeds should be paid to the insured in case of the prior death of the designated beneficiary, and the proceeds were awarded to the estate of the insured. In *Chatham Phenix National Bank and Trust Company v. Crosney,* 251 N. Y. 189, 167 N. E. 217, the New York Court of Appeals interpreted and applied the statute and, treating it as an exemption statute, held that the proceeds of life insurance policies in which the wife of the insured who survived him was the beneficiary were, by virtue of the statute, exempt from the creditors of the insured.

Under a Kentucky statute, Chapter 171, Section 118, Kentucky Acts of 1893, Carroll's Kentucky Statutes, Section 655, which provided that "When a policy of insurance is effected by any person on his own life or on another life in favor of some person other than himself, having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representatives, shall be entitled to its proceeds against creditors and representatives of the person effecting the same", the Court of Appeals of that State, in several cases, has held that when a designated beneficiary in a life insurance policy dies before the insured, who does not name a new beneficiary, and the policy does not provide for any other disposition of the insurance upon the death of the insured, the personal representative of the beneficiary is entitled to the proceeds of the policy. *Hall v. Ayers' Guardian,* 32 Ky. L. Rep. 288, 105 S. W. 911; *Neal's Admr. v. Shirley's Admr.,* 137 Ky. 818, 127 S. W. 471; *Buckler v. Supreme Council Catholic Knights of America,* 143 Ky. 618, 136 S. W. 1006; *Vaughan's Adm'r. v. Modern Brotherhood of America,*

149 Ky. 587, 149 S. W. 937; *Finn* v. *Eminent Household of, C. W.,* 163 Ky. 187, 173 S. W. 349; *O'Bryan* v. *England,* 173 Ky. 12, 189 S. W. 1126; *Cooper's Admr.* v. *Lebus' Adm'rs.,* 262 Ky. 245, 90 S. W. 2d 33. In the later case of *Colovos' Administrator* v. *Gouvas,* 269 Ky. 752, 108 S. W. 2d 820, 113 A. L. R. 871, however, the same court held that the proceeds of life insurance policies belonged to the estate of the insured, where the policies, though not reserving the right to the insured to change the bene- ficiary, provide that the proceeds shall be paid to the beneficiary upon receipt of due proof of the prior death of the insured and that if any beneficiary dies before the insured, the interest of such beneficiary shall vest in the insured. In that case it seems that the court considered the Kentucky statute relating to the exemption of the proceeds of life insurance policies designating a bene- ficiary other than the insured from creditors of the in- sured as not applicable to a policy which contained the foregoing provisions. The Kentucky Court also held that the statute did not apply to a policy of life insurance in which a beneficiary other than the insured is named and in which the right is reserved to the insured to change the beneficiary, when the policy also contains a specific provision for disposing of the proceeds in the event the beneficiary dies before the insured. *Hamblin's Adm'x.* v. *Hamblin's Adm'r.,* 241 Ky. 447, 44 S. W. 2d 299; *Hunt* v. *Mutual Life Insurance Company of New York,* 243 Ky. 511, 49 S. W. 2d 322.

In *Kruger* v. *John Hancock Mutual Life Insurance Com- pany,* 298 Mass. 124, 10 N. E. 2d 97, 112 A. L. R. 725, al- though a statute was in effect, at the time of the decision, which provided that if a policy of life or endowment in- surance is effected by any person on his own life or on another life, in favor of a person other than himself, hav- ing an insurable interest, the lawful beneficiary, other than himself or his legal representatives, shall be entitled to its proceeds against the creditors and the representa- tives of the person effecting the insurance, whether or not the right to change the named beneficiary is reserved

by or permitted to such person, the Supreme Judicial Court of that State held, without expressly referring to the statute, that if the interest of a beneficiary is terminated, under a life insurance policy effected by the insured, by the death of the benefiiciary before the death of the insured, and no other benefiiciary is designated to take such interest, it reverts to the legal representative of the insured.

In New Hampshire, where a somewhat dissimilar statute was in effect which provided that every policy of life or endowment insurance for the benefit of a married woman shall enure to her separate use and benefit and to that of her children, subject to the provisions of law relative to premiums paid in fraud of creditors, the Supreme Court of that state, in the case of *In re Rose's Estate*, 95 N. H. 208, 60 A. 2d 116, held that the statute did not apply to policies of endowment insurance which were payable to the insured if living on a specified date and which also provided that if the insured died before they were paid to him they were to be paid to his wife "if living at the death of the insured, otherwise to the administrators, executors or assigns of the insured." The Court dealt with the statute as an exemption statute and not as a distribution statute and in the opinion said: "In *Barton* v. *Provident Mut. Relief Association*, 63 N. H. 535, 538, 3 A. 627, the purpose and effect of the statute were described in the following terms: 'Chapter 175, Gen. Laws, which gives the benefits of life insurance to the beneficiaries named in the contract to the exclusion of the creditors and personal representatives of the assured, does not attempt to control or interpret contracts of insurance, but protects beneficiaries, whoever they may be found to be, and has no application here.' " The opinion also contains this language: "In the instant case the insured reserved the right to change the beneficiary in each one of the policies. While that right was never exercised subsequently, he did provide initially that the proceeds were payable to his 'executors' if his wife was not living. Where by the express language of the policy, the proceeds are payable

to the beneficiary only if living at the time of insured's death, the beneficiary's interest * * * is defeated by prior death. The benefits of the policies then accrue to the insured or other persons designated by him in the insurance policy. In such instances survivorship of the beneficiary is a condition precedent to receiving the proceeds by the express terms of the policy."

In *Kindleberger* v. *Lincoln National Bank of Washington,* 81 U. S. App. D. C. 101, 155 F. 2nd 281, 167 A. L. R. 1011, a different conclusion was reached by the United States Court of Appeals of the District of Columbia, under a Federal statute the language of which is almost identical with that of Code, 33-3-34. The statute interpreted and applied in that case was enacted by the Congress June 19, 1934, 48 Stat. 1175, ch. 672, Section 16, Ch. V, District of Columbia Code, Title 35, Section 716 (5:-220o) and is in these words: "When a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life in favor of some person other than himself having an insurable interest therein, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avail(s) against the creditors and representatives of the insured and of the person effecting such insurance whether or not the right to change the beneficiary is reserved or permitted and whether or not the policy is made payable to the person whose life is insured, if the beneficiary or assignee shall predecease such person * * *." The two policies involved in the *Kindleberger* case were issued in 1924 on the life of the insured and named his wife as beneficiary. They reserved to the insured the right to change the beneficiary at any time and provided that if any beneficiary should die before the insured the interest of such beneficiary should vest in the insured unless otherwise provided in the policies.

The beneficiary died before the insured, who, before his death, did not exercise his right to change the beneficiary. The administrator of the beneficiary claimed the proceeds of the policies and sued the executors of the insured to recover the proceeds which had been paid to them by the insurer. The District Court dismissed the suit but on appeal the Court of Appeals, by a two to one decision, considered the words of the statute "or his executors or administrators" in the clause "the lawful beneficiary * * * other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avail(s) against the creditors and representatives of the insured" as referring to the word "beneficiary", construed the language of the statute to mean that the lawful beneficiary, or his executors or administrators, was entitled to the proceeds against the creditors and the representatives of the insured, and reversed the decree of dismissal of the District Court. The judge who dissented, in a well reasoned opinion, expressed the view that the phrase in the statute "or his executors or administrators" referred to the insured and not to the beneficiary, and stated that "The expression 'lawful beneficiary, other than the insured, his executors or administrators' seems to be a common one in the insurance field."

The *Kindleberger* case is cited and relied on by the plaintiff in support of her contention that the statute of this State applies to the policy here involved and is controlling in the decision of this case. The holding in the *Kindleberger* case, however, was not followed in the New Hampshire case of *In re Rose's Estate,* 95 N. H. 208, 60 A. 2d 116, and the opinion in that case contains the statement that the *Kindleberger* case has not been followed in any other jurisdiction. It is also significant that the same Court, which held that the Federal statute applied to the policies involved in the *Kindleberger* case, in a later case, denied its applicability to a policy of life insurance which provided that its proceeds were to be paid to the wife of the insured, if she were living, and, if not, to his execu-

tors, administrators or assigns, the insured having died after the death of his wife, the named beneficiary, without having changed the beneficiary, and held that the executors of the insured, rather than the administrators of the wife, were entitled to the proceeds of the policy. *Horning* v. *Lindsay*, 83 U. S. App., D. C. 363, 169 F. 2d 963.

In construing the pertinent provisions of Code, 33-3-34, which, because of the insertion of the words "or the persons so effecting such insurance" after the word "insured", are not free from ambiguity, and in determining whether its provisions apply to the policy issued to Carey M. Bennett, the purpose of the statute, which is protection of the beneficiary of a life insurance policy, other than the insured or the person effecting the insurance, against their creditors and representatives, and the character of the enactment as an exemption statute rather than a statute which effects or governs the distribution or the disposition of the proceeds and the avails of policies of life insurance, should not be overlooked. It is also necessary to ascertain the meaning of the words "or his executors or administrators" in the clause "the lawful beneficiary or assignee thereof, other than the insured or the person effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same"; for determination of the question whether their true meaning is the executors or the administrators of the beneficiary, or the executors or the administrators of the insured or of the person effecting the insurance, is decisive of the controlling issue in this case.

If the words "other than the insured or the person so effecting such insurance, or his executors or administrators" had been omitted, the statute would have protected the beneficiary, or his assignee, whether a third party or the insured or the person effecting the insurance, from the creditors of both the insured and the person effecting the insurance if either of them should be the beneficiary,

and would. have given exemption to the proceeds received by the insured or the person effecting the insurance, or his executors or administrators, from his own debts and obligations. To prevent this intolerable and entirely uncontemplated result and to limit the exemption against creditors of the insured or the person effecting the insurance to some other person as the beneficiary, the restrictive phrase "other than the insured or the person so effecting such insurance", immediately following the words "lawful beneficiary or assignee thereof" was necessary. As placed in the statute, the foregoing phrase qualifies the beneficiary or his assignee and restricts the protection afforded and intended by the statute to a beneficiary or an assignee who is not the insured or the person effecting the insurance. Keeping in mind the obvious purpose of the statute, it is clear that the words "or his executors or administrators" immediately after the words "other than the insured or the person so effecting such insurance" refer to the insured and the person effecting the insurance, not to the beneficiary or his assignee, and mean the executors or the administrators of the insured or the person effecting the insurance. Though the language of the entire phrase is somewhat involved, its primary purpose is evident. Under this construction of the statute a beneficiary or an assignee, who is not the insured or the person effecting the insurance and who survives the insured, would receive the proceeds of the policy, free from the creditors and the representatives of the insured and of the person effecting the insurance even if the policy, as the statute indicates it may, should contain provisions which reserve the right to the insured to change the beneficiary or require payment of the proceeds and the avails to the insured if the beneficiary or the assignee should die before the death of the insured. The statute, as so construed, however, does not apply to a policy of life insurance, when the beneficiary, other than the insured. or the person effecting the insurance, dies before the insured, and when the policy reserves to the insured the right to change the beneficiary and provides that the insurance is payable to the insured in the event of the prior death of the bene-

ficiary. The statute, as now construed, retains its character as an exemption statute and does not control or govern the disposition of the insurance, or violate, alter, or impair the express provisions of the insurance contract.

An additional reason lends support to the construction now placed upon the statute. If the statute were construed to mean, as contended by the plaintiff, that the beneficiary or his assignee, or his executors or administrators, should be entitled to the proceeds of a policy of life insurance against the creditors and the representatives of the insured and of the person effecting the insurance, in which, as in the policy now under consideration, the right is reserved to the insured to change the beneficiary and the insurance is payable to the insured if the beneficiary dies before the insured, who does not change the beneficiary, the insurance contract would be modified and impaired, and the insured would lose, or be restricted in the use and the enjoyment of, a right or an interest secured to him by the express provisions of the policy. Under a policy of life insurance in which the right is reserved to the insured to change the beneficiary, and the insurance is payable to the insured if the beneficiary predecease him, the interest of the insured in the proceeds is subject only to the contingency that the beneficiary will survive him. While he lives he may control the disposition of the insurance. He can substitute one beneficiary for another and can make himself the beneficiary whenever he desires to do so. While the insured lives and until he exercises his right to change the beneficiary, the interest of the named beneficiary is a mere expectancy, or is contingent or conditional, and is subject to termination by the insured at any time, unless the right of the insured in that respect is restricted by valid contractual or statutory provisions. 46 C. J. S., Insurance, Section 1173 (2). Though independently of the statute, the insured may lose his right to dispose of the insurance by his failure to change the beneficiary during his lifetime, and by such failure cause his interest in the insurance to vest absolutely in a named beneficiary who survives him, the con-

struction of the statute for which the plaintiff contends would extinguish the interest of the insured in the insurance which, under the policy, is payable and belongs to him upon the prior death of any named beneficiary. The statute, so construed, would nullify an express provision of the policy and, by producing that result, impair the obligation of the contract of insurance. To give the statute a construction which would have that effect would render the statute unconstitutional as violative of Article I, Section 10, of the Constitution of the United States, and Article III, Section 4, of the Constitution of this State.

The well recognized rule of constitutional interpretation is that when two constructions may be placed upon a statute, one of which renders it constitutional and the other of which renders it unconstitutional, the courts will give the statute the construction which will sustain its constitutionality unless it is plain that the other construction is required. *State ex rel. Sims* v. *The County Court of Kanawha County,* 134 W. Va. 867, 61 S. E. 2d 849; *State* v. *Siers,* 103 W. Va. 34, 136 S. E. 504; *State* v. *Furr,* 101 W. Va. 178, 132 S. E. 504; *Eureka Pipe Line Company* v. *Hallanan,* 87 W. Va. 396, 105 S. E. 506; *Coal and Coke Railway Company* v. *Conley and Avis,* 67 W. Va. 129, 67 S. E. 613; *Caldwell, Ex Parte,* 61 W. Va. 49, 55 S. E. 910, 10 L. R. A. N. S., 172; *Webb* v. *Ritter,* 60 W. Va. 193, 54 S. E. 484; *Underwood Typewriter Company* v. *Piggott,* 60 W. Va. 532, 55 S. E. 664; *Charleston & S. Bridge Company* v. *Kanawha County Court,* 41 W. Va. 658, 24 S. E. 1002; *State* v. *Workman,* 35 W. Va. 367, 14 S. E. 9, 14 L. R. A. 600; *Hartley* v. *Henretta,* 35 W. Va. 222, 13 S. E. 375; *State* v. *Richards,* 32 W. Va. 348, 9 S. E. 245, 3 L. R. A. 705; *Slack* v. *Jacob,* 8 W. Va. 612; *Osburn* v. *Staley,* 5 W. Va. 85, 13 Am. Rep. 640; 11 Am. Jur., Constitutional Law, Section 97. The construction now placed upon the statute removes all doubt concerning its constitutionality.

Properly construed, Section 34, Article 3, Chapter 33, Code, does not apply to the policy of life insurance involved in this suit and does not dispose of the proceeds of the policy which are subject to and governed by its

terms and provisions. In consequence the defendants as executrix and executor of Carey M. Bennett are entitled to the proceeds of the life insurance policy issued to him.

For the reasons stated, the decree of the circuit court, awarding the proceeds of that policy to the plaintiff, as administratrix of the deceased beneficiary, Byrd A. Bennett, is reversed; and this cause is remanded to that court with directions that it enter a decree in conformity to the principles enunciated in this opinion.

*Reversed and remanded with directions.*